UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAMON JEROME RICHARDSON, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-1143 |
| | § | |
| WILLIAM STEPHENS, *et al*, | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM AND ORDER

**I.    INTRODUCTION**

The petitioner, Damon Jerome Richardson, seeks a writ of habeas corpus challenging The Board of Pardons and Paroles' ["Board"] denial of his release. The respondent has filed a motion for summary judgement, arguing that the petitioner is not entitled to federal habeas corpus relief. The petitioner has not filed a response at this time. After considering the petition, the motion, and the arguments and authorities submitted, the Court determines that the respondent's motion for summary judgement should be treated as a motion to dismiss and, therefore, dismiss the petitioner's writ without prejudice.

**II.    FACTUAL BACKGROUND**

While awaiting trial on a criminal charge, the petitioner was placed under surveillance in connection with a drug operation that he managed. The investigation resulted in the seizure of approximately three kilograms of cocaine as well as over $225,000.00. The petitioner pled not guilty to the offense charged and proceeded to trial on August 27, 1990. A jury found the petitioner guilty of engaging in organized criminal activity. On August 31, 1990, the petitioner was sentenced to life imprisonment in the Texas Department of Criminal Justice ("TDCJ") and

was fined $10,000.00. In his federal writ for habeas corpus, the petitioner challenges only the denial of parole on the underlying conviction.

In September of 2015, the Board granted the petitioner a status which status would allow the petitioner a future parole release date. On February 17, 2016, the Board withdrew that status based on substance abuse, a finding that the petitioner was predisposed to commit future criminal acts and other new information. Two months later, the petitioner filed a federal writ of habeas corpus challenging the Board's decision. The record reflects that the petitioner has yet to challenge the Board's decision through a state writ of habeas corpus.

## III. PARTIES' CONTENTIONS

### A. *Petitioner's Contentions*

The petitioner's federal writ challenges the Board's decision concerning his parole release status. In this regard, the petitioner argues that he is entitled to habeas relief for the following reasons:

1) The parole system is arbitrary and capricious because letters and petitions provided by victims, prosecutors, law enforcement personnel and the general public opposing the petitioner's parole contain inaccurate information about his background or circumstances of his offense, and bear no relationship to the likelihood of harm to the public and the likelihood of a favorable parole outcome.

2) The acceptance and consideration of protest letters when making a parole determination is a violation of Equal Protection.

3) The Board violated his rights when it considered unadjudicated offenses or offenses extraneous to his conviction.

Accordingly, the petitioner requests that his parole status be reinstated so that he may be released on parole.

### B. The Respondent's Contentions

The respondent seeks summary judgment based on the fact that the petition presents unexhausted claims and, therefore, should be dismissed without prejudice. The respondent asserts that, based upon 28 U.S.C. § 2254 (b)(c), a petitioner is required to first exhaust all state court remedies before filing in federal court. Therefore, the respondent claims, because the petitioner failed to challenge the Board's denial of his parole by first filing in state court, his claim is unexhausted and must be dismissed. Accordingly, the respondent contends that the petitioner's request for federal habeas relief should be dismissed without prejudice.

## IV. EXHAUSTION

Federal habeas corpus proceedings are governed by provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under the AEDPA, a federal court may not grant habeas relief when the claims are adjudicated by a state court based on the merits, unless the decision of the state court (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or, (2) "was based on an unreasonable determination of facts in light of evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Kitchens v. Johnson*, 190 F.3d 698, 700 (5th Cir. 1999).

The AEDPA requires, however, that a prisoner first exhaust all available state remedies before raising a claim in a federal habeas petition. 28. U.S.C. § 2254 (b)(c). Habeas corpus relief sought by a person in custody will not be granted unless the petitioner has exhausted available remedies in state court. 28 U.S.C. § 2254 (b)(1)(A). An exception exists where there is an absence of a state corrective process, or where circumstances exist that render the process ineffective in protecting the rights of the applicant. *See* [§ 2254 (b)(1)(B)(i)(ii)].

## V. DISCUSSION

The petitioner has raised three claims for federal habeas relief. The respondent contends that the claims are procedurally barred because the petitioner failed to properly exhaust available state remedies. A review of the application and motion reflects that the petitioner bypassed available state remedies before presenting his claims in federal court. The respondent also argues that because the petitioner has not shown extraordinary circumstances, ineffectiveness of the administrative process, or prejudice, that this Court must find the petitioner's claims unexhausted. The petitioner does not dispute the facts or law presented by the respondent. The petitioner has not filed a response to the respondent's motion for summary judgement, nor has he provided any information in his pleadings that could be construed to fit an exception to the procedural bar. Therefore, the Court concludes that the petitioner's claims are unexhausted and therefore subject to dismissal without prejudice.

## VI. CONCLUSION

Accordingly, the Court concludes that the petitioner has failed to properly exhaust his claims in state court and, therefore, the Court may not consider the petitioner's writ. Thus, the Court **DISMISSES** the petitioner's writ without prejudice.

## VII. CERTIFICATE OF APPEALABILITY

Petitioner has not requested a certificate of appealability ("COA"), but this court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898(5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny a COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an

appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does."). "A plain reading of the AEDPA compels the conclusion that COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone." *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997).

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000).

This Court has carefully considered each of the petitioner's claims. While the issues raised are clearly important and deserving of the closest scrutiny, this Court finds that each of the claims is foreclosed by clear, binding precedent. This Court concludes that under such precedents, the petitioner has failed to make a "substantial showing of the denial of a constitutional right." § 2253(c)(2).

It is so Ordered.

SIGNED on this 29th day of June, 2017.

Kenneth M. Hoyt
United States District Judge